1  Daniel E. Thenell, WSBA No. 37297
2  Email: dan@thenelllawgroup.com
   Emerson Lenon, OSB 123728
3  Email: emerson@thenelllawgroup.com
4  Thenell Law Group, P.C.
   12909 SW 68th Parkway, Suite 290
5  Portland, Oregon 97223
6  Telephone: (503) 372-6450
   *Attorney for Plaintiff*

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF WASHINGTON

10                    SPOKANE DIVISION

11

| | |
|---|---|
| 12  LONNIE TOFSRUD, an individual, | Case No. 2:19-cv-00371 |
| 13                Plaintiff, | |
|        vs. | **COMPLAINT FOR DAMAGES** |
| 14  SPOKANE POLICE DEPARTMENT, a | Violations of 42 U.S.C. § 1983, 14th |
| 15  political division of City of Spokane, | Amendment Due Process, Equal |
|     CRAIG MEIDL, in his personal and | Protection, 1st Amendment Retaliation, |
| 16  official capacity, JUSTIN LUNDGREN, | Outrage, and Defamation |
| 17  in his personal and official capacity, and | |
|     DAVE STABEN, in his personal and | 42 U.S.C. § 1983, supplemental state |
| 18  official capacity, | common law claims |
| 19 | |
| 20                Defendants. | Damages at least $2,000,000 or an |
|     | amount to be proven at trial |
| 21 | |
| 22 | **DEMAND FOR JURY TRIAL** |

<u>**COMPLAINT**</u>

23

24        Plaintiff Lonnie Tofsrud ("Plaintiff"), by and through his attorneys, Thenell

25  Law Group, P.C., brings this Complaint herein and states and alleges as follows:

26

Page 1 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          2018-139

**INTRODUCTORY STATEMENT**

1. This action is filed by Plaintiff under 42 USC § 1983 and it seeks monetary damages and injunctive relief for violations of the  Plaintiff's Fourteenth Amendment due process and equal protection, unlawful retaliation for First Amendment free speech, and state law claims of outrage, and defamation by Defendants Spokane Police Department, Chief Craig Meidl, Assistant-Chief Justin Lundgren, and Lieutenant Dave Staben.

2. Defendants, except as noted herein, at all times material were acting in their official capacities. Defendants, acting under color of law, have deprived Plaintiff of due process and equal protection of law, retaliation for exercise of free speech, and injured Plaintiff under state law by retaliating against Plaintiff's exercise of free speech on a matter of public concern, by depriving Plaintiff of property interests without due process, by treating Plaintiff differently than similarly situated persons without rational basis, by defaming Plaintiff and committing outrage upon him and by conspiring with each other in furtherance of the above violations.

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, 28 U.S.C. § 1343, civil rights jurisdiction, for violations of the

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

Constitution, as actionable under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that Defendants have violated and continues to violate his rights to procedural due process and equal protection under the Fourteenth Amendment to the United States Constitution and his liberty and association interests under the First Amendment.

4.  Venue is proper under 28 U.S.C. § 1391(b), as Defendants reside in the Eastern District of Washington and Plaintiff's claims for relief arose in this district.

## PARTIES

5.  Plaintiff is a resident of Spokane County, Washington, and is employed by the Spokane Police Department ("SPD"), a department within the City of Spokane (the "City").

6.  The SPD is a public body liable for the tortious conduct of its agents and employees pursuant to RCW 4.96.020. The SPD is sued for damages.

7.  Craig Meidl ("Meidl" or "Chief Meidl") is the Chief of Police for the SPD. Defendant Meidl represents SPD in his capacity as its Chief. Defendant Meidl is the final policy maker for SPD with regard to all matters related to the Plaintiff's employment. Defendant Meidl is sued herein in his official capacity and as an individual.

8.  Justin Lundgren ("Lundgren" or "Assistant Chief Lundgren") is the Assistant

Page 3 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

Chief of Police for the SPD. Defendant Lundgren is sued herein in his official capacity and as an individual.

9.  Dave Staben ("Staben") is a Lieutenant in the SPD. Defendant Staben is sued herein in his official capacity and as an individual.

## FACTUAL BACKGROUND

10. Plaintiff has been a valued employee of the Spokane Police Department for the past 28 years. Plaintiff was promoted to the rank of Detective in 1999. Plaintiff's abilities and work ethic are memorialized in performance reviews, accommodations as well opinions submitted in the form of written and verbal commendations. Plaintiff was assigned to the Targeted Crimes Unit (TCU) in approximately 2003. Plaintiff left the TCU for approximately three years before returning to the TCU in 2009 where he has worked until the events described herein.

11. The Major Crimes unit of the Spokane Police Department is charged with investigating serious felonies including, but not limited to, homicides, serious assaults, and robberies. The detectives assigned to this unit are also responsible for the investigation of critical events involving police officers. This is a coveted position within the investigative division and offers many incentives including, but not limited to, training, overtime opportunities, and equipment. Plaintiff was

Page 4 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-139

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

actively recruited to join Major Crimes prior to the events described herein. Once the Defendants initiated the retaliatory investigations into the Plaintiff, as described herein, the Plaintiff was no longer considered for any of the several open positions in the Major Crimes unit.

12. The Targeted Crimes Unit has had a longstanding working relationship with the ATF. The two entities have engaged in several joint criminal investigations both in the state and federal arena. Plaintiff has been identified as the informal leader of TCU as well as an informal task force officer. There has been a memo of understanding wherein the ATF would reimburse the SPD for overtime incurred by detectives working with the ATF. This relationship was also memorialized in an email from Staben. Plaintiff had been the lead investigator in a vast majority of the joint investigations with the ATF.

13. In 2016 Plaintiff and ATF Special Agent Julius began utilizing a specific confidential informant (the CI) to facilitate criminal investigations related to the trafficking of firearms and narcotics. The two initiated several investigations that led to the arrest and convictions of many people involved in criminal activity in and around the greater Spokane area. Subjects were often career offenders with criminal histories including violent offenses. The obvious primary effect of the investigations was the eventual incarceration of people involved in a wide array

Page 5 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

of criminal law violations, not just the firearms violations.  A secondary effect was the disruption of criminal groups.

14. Joint efforts between TCU and ATF were designed to disrupt and address the flow of firearms into the hands of career offenders. Cases decided by the Supreme Court, including *Arizona v Gant* (2009), limited the ability for patrol officers to search vehicles incident to arrest. The TCU/ATF task force was utilizing CIs to perform controlled buys to both facilitate seizure of the illegal firearms as well as arrest the serial offenders responsible for the flow of weapons.

15. On November 6, 2017, SPD officers Corporal McCullough and Sergeant Vigessa contacted and arrested Tofsrud's and Julius's CI. The CI was charged and was being held in custody. Sergeant Vigessa contacted Plaintiff and made him aware of the arrest. Plaintiff later reviewed the written arrest report and accompanying documents. Plaintiff was familiar with the work of both McCullough and Vigessa in past incidents and made certain to review the unit history and the official reports filed by McCullough and Vigessa in this incident. Plaintiff noted discrepancies between the official report and the notes McCullough had entered in the unit history or CAD.

16. On December 27, 2017, Plaintiff called McCullough, urging him to address the discrepancies. Plaintiff was concerned that these discrepancies would cause

Page 6 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-139

problems for the prosecutor's office due to *Brady* disclosure implications. Specifically, the CAD or unit history is a discoverable document and any criminal defense attorney would immediately note the facts and details present in the unit history or CAD report which were absent or modified in the official police report of the arrest. Plaintiff advised McCullough that he would be contacting the prosecutor's office the following day for guidance. By contacting McCullough directly, Plaintiff was attempting to address the matter at the lowest possible level without escalation.

17. On December 28, 2017, Plaintiff contacted Eugene Cruz, a prosecutor at the Spokane County Prosecutor's Office. Plaintiff discussed the discrepancies in McCullough's report and provided Cruz with the report and the CAD notes or unit history notes. The document provided by Plaintiff came directly from McCullough, were his authorship, or his unit history.

18. Cruz communicated Plaintiff's concerns to Jack Driscoll ("Driscoll"), the chief criminal prosecutor at that time, and Mark Cipolla ("Cipolla"). The prosecutor's office decided to dismiss the case against the CI arrested by McCullough and Vigessa. Driscoll also contacted Lieutenant Stevens who oversaw the SPD internal affairs unit regarding possible misconduct by McCullough. It was the

Page 7 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

policy of the SCPO to refer allegations of officer misconduct to the internal investigations unit in the subject agency.

19. Instead of promptly opening an investigation into McCullough, Stevens contacted Lt. Staben, who was McCullough's and Plaintiff's superior officer. Staben took the case over from Stevens. Staben opened two internal affairs investigations, one into Plaintiff ("Tofsrud IA") and a pretextual investigation into McCullough ("McCullough IA"). Plaintiff believes the McCullough IA was pretextual because of the numbers assigned to the two IAs. The policy pattern and practice of the SPD is to number each IA when it is opened in a sequential fashion with a prefix designating the year, e.g. *yy-xxx*. Here the IA number associated with the McCullough IA was 18-003 while the IA number associated with the Tofsrud IA was 18-002. Later both IAs were merged into 18-002 to obscure the fact that Staben opened the first investigation into Tofsrud, who had reported potential misconduct.

20. The Assignment History associated with IA 18-002 notes Stevens assigned the incident to Staben on January 15, 2018. Staben attached McCullough's unit history and officer reports that same day. Also, on January 15, 2018, Staben added Tofsrud to the IA as well as his Sergeant Preuniger, Plaintiff's sergeant, who was investigated for allowing Plaintiff to take his complaint to Cruz outside the chain

Page 8 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

of command. McCullough was not added to IA 18-002 until February 8, 2018, on or about the time McCullough's IA was merged into Tofsrud's. Staben initially attempted to interview Plaintiff on January 16, 2018, telling him he was merely a witness in an IA into McCullough. Staben refused to allow Plaintiff to bring a legal representative with him, again telling him he was merely a witness. Staben further told Plaintiff the interview must happen that day to accommodate the attendance of the ombudsman, Bart Logue. Plaintiff was suspicious of this request because it was the policy of the SPD to include the ombudsman only for investigations which originated by citizen complaint, not internally. Plaintiff declined to be interviewed on that day.

21. Staben interviewed Detective James Erickson on January 16, 2018. Erickson worked with Plaintiff in the TCU. Staben used deceptive interrogation techniques to elicit a statement from Erickson that Plaintiff used the word "lie" or "lied" when reporting the discrepancies to Cruz. This is contrary to the nature of the referral Plaintiff made but became the basis for the allegations which Defendants conspired to sustain against Plaintiff. Police Guild Vice President Kris Honacker was present for Erickson's interview. Upon learning of the Erickson interview and Staben's focus on Plaintiff, Plaintiff also elicited the support of the union and Honacker.

Page 9 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

22. Plaintiff and Honacker met with Assistant Chief Lundgren. Plaintiff and Honacker apprised Lundgren of the chain of events and Lundgren opined the investigation should not have been opened by Staben at the shift level due to the obvious *Brady* Implications. Lundgren relieved Staben of the investigation and it was transferred back to Stevens on January 17, 2018; it was then assigned to Sergeant Michael Carr and Sergeant Daniel Waters who handled the bulk of the investigation. It was Carr who later informed Plaintiff that the two IAs had been merged into one.

23. Despite being relieved of the investigation, Staben continued to insert himself in the investigation process. This interference continued throughout the entire process of the investigation, analysis, ultimate finding and grievance to reconsider the findings. Even if he did not engage in this improper interference, Staben had already tainted the focus of the investigation by turning it towards the Plaintiff, who reported the potential misconduct, and away from McCullough, the potential malfeasant.

24. Plaintiff also brought his concerns over the handling of the IAs and Staben treatment of Plaintiff to the City's HR department. Plaintiff and Honacker had a discussion with Jennifer Jackson of human resources. Jackson was given the same information as Lundgren. She was also made aware of inappropriate behavior exhibited by Lieutenant Staben.

Page 10 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-139

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

25. On March 22, 2018, Sergeant Carr interviewed Plaintiff. Plaintiff was read his administrative rights, which included in part, that Plaintiff was being compelled to answer questions truthfully and honestly. Plaintiff at all times answered questions truthfully.

26. In May of 2018, an administrative review panel concluded that Plaintiff had violated several policies. The most damning being SPD Policy 340.3.5 (f) "Knowingly making false, misleading or malicious statements that are reasonably calculated to harm or destroy the reputation, authority or official standing of the Department or members thereof." The statements alleged to be false were Plaintiff's allegation against McCullough and Vigessa. None of Plaintiff's allegations were proven false. McCullough's report did in fact contain inconsistencies and the other officers involved in the arrest did in fact make statements which conflicted with the evidence. None of the statements Plaintiff made prior to, or during the IA, were proven to be false.

27. On June 22, 2018, Chief Meidl authored a letter of reprimand outlining the policy violations committed by Plaintiff. The letter noted additional statements made by Plaintiff. The letter was presented to Plaintiff by Major Eric Olson. During that conversation, Olson indicated that he had requested a portion of the letter be

Page 11 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          2018-139

changed in an effort to lessen the chances that Plaintiff would be implicated by the *Brady v Maryland* requirements of the prosecutor's office.

28. On July 24, 2018, Plaintiff submitted a letter of rebuttal addressing the IA investigation, the analysis, the eventual finding of the administrative review panel, and the subsequent letter of reprimand. Plaintiff enlisted the assistance of his attorney, Christian Phelps, in preparing that document. The document gave a clear and concise explanation of the chain of events. Plaintiff had provided a list of witnesses who could elucidate the matter further; none of those witnesses were interviewed during the course of this investigation, nor were they interviewed after the rebuttal. Plaintiff did not receive any response from the Chief's office other than an email indicating that the letter had been received and then it would be read.

29. On September 21, 2018, the Spokane Police Guild president, John Griffin, submitted a letter to Chief Meidl asking him to reconsider the letter of reprimand as issued to Plaintiff. Griffin also met with members of the administrative review panel and plead the case. The chief declined to reconsider the letter and its language. This step exhausted Plaintiff's administrative options to address this miscarriage of justice.

Page 12 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

30. Contemporaneously with the events described herein, Chief Meidl presented a document to members of the Spokane Police Department. The document was entitled "Highlights of the collaborative reform process in the Spokane Police Department". Chief Meidl worked with community stakeholders on this document, including a prominent citizen of color named James Wilbourn. Mr. Wilbourn was quoted in the document as saying "In order to gain trust with the community, the community wants to be sure that officers will report misconduct by other officers. Failure of officers to hold their peers who engage in misconduct accountable soils the reputation of all officers". This was precisely the ethic that Plaintiff attempted to adhere to by reporting the factual discrepancy in McCullough's report.

31. On August 29, 2018 Plaintiff was contacted by two of his peers who told him chief criminal deputy Cipolla had been publicly stating that Plaintiff would be identified as a *Brady* officer. On August 30, 2018, Plaintiff was contacted directly by Cipolla, who requested a meeting. Honaker accompanied Plaintiff to Cipolla's office. Plaintiff was served with a potential impeachment disclosure ("PID") letter. During the conversation, Cipolla indicated that the letter was the sole result of the finding by chief Meidl. Cipolla also indicated that he felt the investigation was agenda driven and poorly executed. Cipolla had previously told Plaintiff and

Page 13 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

other witnesses that a member of the Spokane Police Department administration had contacted the prosecutor's office in an effort to secure the decision to designate Plaintiff as a *Brady* officer. Cipolla refused to elaborate on that issue in front of Honaker. Plaintiff believes the SPD Defendants conspired to create a Brady issue related to Plaintiff. Plaintiff further believes Cipolla was aware of this conspiracy and nevertheless issued the PID letter.

32. Plaintiff's attorney, Mr. Phelps, attempted to intervene with the elected prosecutor, Larry Haskell. Phelps was unable to get Haskell to reverse his office's decision to designate Plaintiff a Brady officer despite evidence the office had acted in violation of their own written policy guidelines.

33. On May 4, 2018, Plaintiff filed a discrimination/harassment complaint with Spokane City human resources. The complaint outlined specific behavior demonstrated by Lieutenant Staben. During the pendency of the complaint being investigated Plaintiff was warned by his chain of command about contacting possible witnesses that could substantiate his allegations. Plaintiff is unaware of any policy that prohibits a victim of discrimination/harassment from identifying possible witnesses and having contact with them. Plaintiff believes this direction is further evidence of retaliation and prevented many helpful witnesses from coming forward on Plaintiff's behalf.

Page 14 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-139

34. Plaintiff was advised the human resources complaint would not be investigated until after the IA had been completed. Plaintiff was told this would help protect the integrity of the IA. Plaintiff has cause to believe the investigations were not kept separate and were used to accomplish the same unlawful purpose, that being to punish Plaintiff for his reporting of potential misconduct while protecting the City, the SPD and the individual defendants.

35. During the pendency of the HR complaint, Lieutenant Staben made contact with a subordinate (Tom Michaud) and discussed the complaint with him. Michaud was so concerned about this discussion that he reported it to human resources.

36. Carr confronted Plaintiff during Plaintiff's shift regarding the HR complaint. Carr also admitted to other violations of IA policy by disclosing details of the investigation to others. Carr and Staben were familiar with IA policies and knew or should have known their actions violated those policies. Following this confrontation with Carr, Plaintiff became concerned and contacted Jennifer Jackson and Christine Kavanaugh of human resources to ask for specific protections.

37. On November 20, 2018, Jennifer Jackson submitted a final report regarding the human resources complaint initiated by Plaintiff. The report was lacking crucial information and appeared to be a complaint and investigation of Plaintiff. The

Page 15 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-139

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

report contained witness statements solicited by Jackson and Jacqui MacConnell director of SPD internal affairs. The witnesses appear to have been curated to protect Chief Meidl, Lt. Staben, and other members of the SPD executive staff. The report did not include any witness interviews with Plaintiff's peers or coworkers. Plaintiff and his attorneys submitted a response to the report pointing out the obvious inadequacies of the investigation and those conducting it. There have been no attempts to rectify the clear mistakes made by the investigators.

38. The City's HR department eventually issued a report that largely found in favor of Staben and against Plaintiff. The report did find Staben lacked in emotional intelligence and recommended training on emotional maturity. Plaintiff has reason to believe that Staben was never required to undergo any training as a result of the HR findings.

39. Despite the fact that it was the malfeasance of McCullough and the SPD senior staff that led to Plaintiff's report, Cpl. McCullough has been identified as a "victim" of the Plaintiff in a memo from Staben. The evidence clearly showed McCullough had sufficient discrepancies in his report to warrant a PID letter; however, it was Plaintiff who was issued the PID letter in response to his reports of the misconduct and removed from his position. McCullough, although also issued a PID letter, has been allowed to continue working specialty positions that

Page 16 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          2018-139

provide augmented work hours, overtime opportunities and career advancement. Despite Plaintiff's allegations and the findings of the HR report, Staben continues to operate in a supervisory role with no negative repercussions. Plaintiff has been assigned to a precinct with limited/restricted duties and virtually no opportunities for overtime. Plaintiff has been foreclosed from nearly every opportunity for career advancement. Plaintiff has also been prevented from working with the ATF. Plaintiff is being treated unequally from McCullough with no rational basis to support the difference.

40. The mishandling of the internal investigations and the human resources investigation, the persistent interference by Staben and others, and the unequal treatment of Plaintiff have all caused extreme stress and destroyed an otherwise good working relationship between Plaintiff and many, if not all, of his former coworkers. The retaliatory interference by the police administration in the HR investigation and with the prosecutor's office have caused Plaintiff to be denied opportunities for advancement and all of the above have contributed to Plaintiff's health issues. These stressors as well as unrelated health problems resulted in Plaintiff taking a medical leave for approximately eleven months.

41. After returning from leave, Plaintiff was transferred to the North Precinct and was told that his duties would include screening cases, distributing stickers for the scat

Page 17 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-139

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

program and conducting background investigations for perspective senior volunteers at the precinct. Plaintiff was also assigned an office in the reception area of the precinct. The office was located in area where DOC offenders would report to their probation officers. The office was previously occupied by a patrol officer that had been identified as a Brady officer. That officer had retired just prior to Plaintiff returning to duty. The office was across a narrow hallway from a room where the DOC offenders would supply urine samples. This placement was clearly retaliatory. After discussion with his Sergeant and Lieutenant, it was decided that Plaintiff would share an office with his former partner, Detective Thieschafer.

42. On August 14, 2019, Plaintiff was directed to report to the Academy for remedial training. There had been an email between Captain Griffiths and Lieutenant McNabb outlining a policy that stated when an employee is gone on leave for more than 6 months, that employee must report to the Academy for training. The training is supposed to be designed to specifically address the employee's new duty assignment. The training given to Plaintiff was limited to   qualifying on a PPC course with a handgun and reading policy. The training had no relative connection to Plaintiff's new assignment.

/ / /

Page 18 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

# CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### 42 USC § 1983 – Fourteenth Amendment

### <u>Count One: Violation of Plaintiff's Procedural</u>

### <u>and Substantive Due Process Rights</u>

### (All Defendants)

43. Plaintiff re-alleges all paragraphs previously alleged.

44. By and through the actions and omissions described above, Defendants deprived, and conspired with one another to deprive Plaintiff of his Fourteenth Amendment rights preventing deprivation of his constitutionally protected rights without due process of law, causing him harm.

45. Except as otherwise alleged herein, all Defendants acted under color of law at all times material.

46. Plaintiff has a property interest in his job, as he has a legitimate entitlement to continued employment with his public employer, as well as fair and equal access to overtime and promotional and training opportunities. This claim to entitlement arises out of the SPD's promises of specific treatment in specific circumstances, including disciplinary action implemented upon existence of just cause, made in

Page 19 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF            2018-139

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

City and Department disciplinary policies, the *Brady* best practice policy and the collective bargaining agreement.

47. Defendants failed to provide adequate notice and opportunity to be heard regarding his termination and his *Brady* listing. The listing effectively blacklisted Plaintiff and continues to affect him to this day. The investigation against Plaintiff was so flawed that it deprived him of due process.

48. Defendants then deprived Plaintiff of his constitutionally protected interests without due process of law when they forced him out of the TCU, deprived him of overtime pay (an "economic sanction"), drastically changed his work duties and shift assignments, curtailing or eliminating training opportunities, and effectively ended his employability as a police officer and his ability to transfer laterally to a different department, thereby directly impacting his interest in pursuing law enforcement as a profession elsewhere. Defendants continue to deprive Plaintiff of these interests without due process to this day.

49. As a direct and proximate result of the acts and omissions of Defendants complained of herein, Plaintiff has suffered, and continues to suffer, economic damages including lost overtime work, lost training and promotion opportunities, advancement, and disqualification from testifying in the course of his

Page 20 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-139

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

employment. Such injuries are permanent and continuing, and capable of being determined at trial.

50. As a further direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered, and continues to suffer, mental pain and suffering, humiliation, worry, anxiety, fear, loss of earning capacity, and loss of personal and professional reputation, entitling him to an award of compensatory non-economic damages in an amount to be determined at trial.

51. Plaintiff seeks injunctive and declaratory relief in the form of an order that he be immediately reinstated in his prior position with full pay and that he be immediately removed from the *Brady* list. Plaintiff also seeks compensatory damages against Defendants including any unpaid back-pay, overtime pay, as well as compensatory damages for pain and suffering including mental anguish, loss of self-esteem, dignity and standing in the community.

52. Plaintiff has incurred attorney's fees and costs in pursuing this claim.   Plaintiff is entitled to attorney fees, expert witness costs, litigation costs, and prejudgment interest.

## **Count Two: Violation of Plaintiff's Right to Equal Protection**

### **(All Defendants)**

53. Plaintiff re-alleges all paragraphs previously alleged.

Page 21 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

54. SPD has a policy prohibiting untruthfulness in the performance of official duties. Plaintiff was investigated and wrongfully punished for an alleged violation of this policy. The basis for this punishment was the investigation and report completed by the SPD and ratified by Lundgren and Meidl.

55. McCullough's inaccurate report was not fully investigated, but Plaintiff has cause to believe the report and CAD unit history taken together, constitute dishonesty under the SPD policy. Furthermore, Plaintiff has reason to believe McCullough was dishonest in his statements during the investigation. Finally, Plaintiff has reason to believe if the investigation into McCullough were properly carried out, McCullough would have been found to have been dishonest.

56. On information and belief, McCullough has not been investigated or punished for his dishonesty. McCullough has not been subject to any employer discipline, nor has he been reported to SCPO for untruthfulness, nor has he been included on the *Brady* list of dishonest law enforcement officers.

57. Plaintiff was subjected to unequal treatment to McCullough without rational basis.

58. The Defendants actions violated the Equal Protection Clause of the Fourteenth Amendment.

59. As a further direct and proximate result of the acts and omissions complained of herein, Plaintiff has suffered, and continues to suffer, mental pain and suffering,

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

humiliation, worry, anxiety, fear, loss of earning capacity, and loss of personal and professional reputation, entitling him to an award of compensatory non-economic damages in an amount to be determined at trial.

60. Plaintiff has incurred attorney's fees and costs in pursuing this claim.  Plaintiff is entitled to attorney fees, expert witness costs, litigation costs, and prejudgment interest.

## SECOND CLAIM FOR RELIEF

## 42 USC § 1983 – First Amendment

## <u>Violation of Right to Free Speech – Public Employee</u>

## (All Defendants)

61. Plaintiff re-alleges all paragraphs previously alleged.

62. Plaintiff's referral of McCullough's potential misconduct was protected under the 1st and 14th Amendments to the Constitution.

63. Police misconduct, particularly dishonesty, is a matter of public concern.

64. Plaintiff's acts described herein were the sole motivating factors for one or more of the following retaliatory actions: the referral of Plaintiff to IA for investigation, the Defendants making Plaintiff the center of the IA investigations, the merging of the IA investigations, the referral to the SCPO for impeachment disclosure, the removal of work assignments and opportunities, the manner in which the IA was

Page 23 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

conducted, the manner in which the HR investigation was conducted, the selective nature of the witnesses called for both the IA and the HR investigations, the imposition of discipline on Plaintiff, the inclusion of Plaintiff on the *Brady* list, the refusal to adjust the discipline by the SPD, and the refusal to remove Plaintiff from the PID.

65. Except as otherwise noted herein all Defendants were acting under color of law and in their official capacities at all times material.

66. There was no independent justification for the retaliatory acts taken by Defendants against Plaintiff.

67. As a result of the above-described actions, Plaintiff has suffered damages totaling at least $*2* million, including lost wages and benefits, lost economic potential, harm to reputation, emotional distress, and incurrence of attorney fees and other costs.

68. Plaintiff has incurred attorney's fee and costs in pursuing this claim.

### THIRD CLAIM FOR RELIEF

### Outrage

### (All Defendants)

69. Plaintiff re-alleges all paragraphs previously alleged.

70. The Defendants' actions alleged herein were extreme and outrageous conduct.

2018-139

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

71. The Defendants acted intentionally or recklessly in a manner that caused Plaintiff severe emotional distress.

72. The Defendants' acts of investigating and labeling a law enforcement officer as a liar, despite clear evidence collectively consists of an extraordinary transgression of the bounds of socially tolerable conduct that is extreme and outrageous. The application of the label "liar" in an ordinary social context is severely damaging to any private member of the community. To so label, publicly, a law enforcement officer is outrageous in the extreme. Law enforcement officers are expected to perform a highly dangerous and stressful job and are held to high standards of honesty. All the credible evidence here would indicate that Plaintiff met or exceeded that high standard. The application of the label "liar" and the continued and intentional refusal to remedy the situation, has caused severe mental and emotional anguish.

73. Plaintiff seeks injunctive and declaratory relief in the form of an order that he be immediately removed from the *Brady* list. Plaintiff further seeks an order that the Defendants shall contact all parties in receipt of information regarding his inclusion on the *Brady* list and inform them that he was never to have been included in the first place. Plaintiff also seeks compensatory damages in an amount to be proven at trial for the infliction of severe mental and emotional

Page 25 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-139

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR  97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

trauma. Plaintiff further prays for an order awarding punitive damages due to the particularly aggravated disregard of the Plaintiff's rights.

## FOURTH CLAIM FOR RELIEF

## <u>Defamation</u>

## (All Defendants)

74. Plaintiff re-alleges all previously alleged paragraphs.

75. Defendants made statements in the form of the IA investigation, memos and reports, letters, emails, and public comments in which they labeled Plaintiff as untruthful.

76. These statements were untrue, defamatory, intended to subject Plaintiff to ridicule, and diminish the respect and confidence in which Plaintiff is held by his employer, the City, and the public. These statements have the potential to cause damage to Plaintiff's profession up to, and including, termination and revocation of his law enforcement certification.

77. Moreover, Plaintiff's inclusion on the *Brady* list means that the false statement labeling him as untruthful has been published to every defense attorney who had a case in the county involving Plaintiff. This has already caused Plaintiff to be named as a defendant in one tort claim filed with the City and County of Spokane.

78. Defendants knew the statements were false and acted maliciously or recklessly,

Page 26 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2018-139

THENELL LAW GROUP, P.C.
12909 SW 68th Parkway, Suite 290
Portland, OR 97223
Telephone (503) 372-6450
Facsimile (503) 372-6496

or in bad faith.

79. Defendants' statements were defamatory *per se*. As a direct and proximate result of Defendant's defamatory statements, Plaintiff has suffered economic and non-economic damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment in favor of Plaintiff and against Defendants, as follows:

1. On each and every one of Plaintiff's claims against Defendants, for economic damages in a sum to be determined at the time of trial;

2. On each and every one of Plaintiff's claims against Defendants, for non-economic damages in a sum to be determined at the time of trial;

3. A judicial declaration that Defendants' actions violated Plaintiff's constitutional rights, as alleged above;

4. A mandatory injunction ordering Defendants to remove Plaintiff from the *Brady* List, taking such steps as are reasonably necessary to remedy the ongoing economic harm;

5. A mandatory injunction ordering Defendants to reinstate Plaintiff in his position prior to discipline;

Page 27 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF    2018-139

6. An award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law;

7. An award of pre-judgment interest on all liquidated amounts awarded;

8. An award of post-judgment interest from the date of judgment to the date of payment of that judgment amount;

9. A post-trial award of an amount sufficient to offset any adverse tax consequences resulting from payment of the judgment;

10. Punitive damages for the aggravated defamation and outrageous conduct causing severe emotional distress; and

11. Any other legal or equitable relief this court deems just and proper. DATED this October 29, 2019.

THENELL LAW GROUP, P.C.

By:    */s/ Daniel E. Thenell*
       Daniel E. Thenell, WSBA No. 37297
       E-mail:  dan@thenelllawgroup.com
       Emerson Lenon, OSB 123728
       Email: emerson@thenelllawgroup.com
       Telephone: (503) 372-6450
              *Of Attorneys for Plaintiff*

Page 28 - COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF          2018-139